UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALFREDO ALCALA-GOMEZ,

Defendant.

Case No. 20-cr-00388-JSC-1

**ORDER RE: MOTION TO DISMISS INFORMATION**

Re: Dkt. No. 24

The government alleges by Information that in November 2018, Alfredo Alcala-Gomez "did knowingly slaughter, and handle in connection with the slaughtering of, a goat, without first rendering the goat insensible to pain as required by the Federal Meat Inspection Act, before the goat was shackled, hoisted, thrown, cast, and cut," in violation of 7 U.S.C. § 1902(a) and 21 U.S.C. § 610(b). (Dkt. No. 1.) Now pending before the Court is Mr. Alcala-Gomez's motion to dismiss the Information. After carefully considering the parties' submissions, and having had the benefit of oral argument on October 28, 2021, the Court GRANTS the motion to dismiss. The Information fails to allege all the elements of the crime charged; in particular, it does not allege that Mr. Alcala-Gomez was engaged in the "commercial" slaughter of livestock.

**DISCUSSION**

An information must set forth all of the elements of the crime purported to be charged. *Carlson v. United States*, 296 F.2d 909 (9th Cir. 1961); *see also Ramirez v. United States*, 318 F.2d 155, 157 (9th Cir. 1963) ("The sufficiency of an indictment is tested by whether, first of all, it contains the elements of the offense charged and 'sufficiently apprises the defendant of what he must be prepared to meet' . . . ." (quoting *Russell v. United States*, 369 U.S. 749, 763 (1962)); *United States v. Wabaunsee*, 528 F.2d 1, 3 (7th Cir. 1975) ("It is settled law that in order for an

1   indictment to be valid it must allege all of the elements which are necessary to constitute a

2   violation of the statute.").

3        The government concedes that an essential element of the crime charged is that the

4   slaughter activity be "used in commerce." (Dkt. No. 26 at 7 (quoting 21 U.S.C. § 603(a)); *see also*

5   21 U.S.C. § 610(a) (prohibiting the "slaughter [of] any such animals . . . at any establishment

6   preparing any such articles for commerce, except in compliance with the requirements of this

7   chapter"). Nothing in the Information suggests that the slaughter at issue here was performed for

8   commercial purposes.

9        At oral argument the government insisted that citing the statute that sets forth the required

10  element in the Information is sufficient to comply with Federal Rule of Criminal Procedure 7.

11  This argument fails for two reasons. First, the Ninth Circuit has held that "[w]hen the indictment

12  is questioned *prior* to trial, reference to a statute cannot cure a defect in the indictment where it

13  fails to allege the elements of the crime." *United States v. James*, 980 F.2d 1314, 1318 (9th Cir.

14  1992); *see also United States v. Kurka,* 818 F.2d 1427, 1431 (9th Cir. 1987) ("The failure to

15  include the element of willfulness thus renders the indictment constitutionally defective. A correct

16  citation to the statute is not sufficient to compensate for the exclusion."). Binding Ninth Circuit

17  law forecloses the government's position.

18       Second, the government's assertion conflicts with Rule 7. Rule 7 provides in relevant part:

> *The . . . information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . . A count may incorporate by reference an allegation made in another count. A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the . . . information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.*

24  Fed. R. Crim. P. 7(c)(1) (emphases added). This Rule thus imposes two separate requirements: (1)

25  the statement of the essential facts, and (2) the citation of the statute. *See United States v. Camp*,

26  541 F.2d 737, 740 (8th Cir. 1976) ("They are separate requirements and not a restatement of one

27  another. If citation of the statute were a statement of the facts, nothing beyond a citation would be

28  necessary."). To accept the government's argument would render the essential facts requirement

1  surplusage since every information is required to identify the statute that the defendant is alleged
2  to have violated. *See Wabaunsee*, 528 F.2d at 4 ("Carried to its logical conclusion, the
3  Government's argument would suggest that no essential element of an offense need be alleged in
4  an indictment as long as the statute is cited.").

## CONCLUSION

As the Information does not allege all elements of the charged offense, Defendant's motion to dismiss the Information is GRANTED without prejudice.

This Order disposes of Docket No. 24.

**IT IS SO ORDERED.**

Dated: October 28, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge